The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following question:
 Can a city [of the first class] enter into a contract with a non-profit corporation whereby the city would pay the non-profit corporation to operate a recreational program?
You state that the city would have no financial interest in the business and would not be liable for any debts of the corporation, which acts as an independent contractor.
The answer to this question is, in my opinion, generally "yes." While a conclusive response would require review of all facts surrounding the transaction, including the terms of the agreement and the particular "recreational program," it is my opinion that a city may, as a general matter, contract with a private organization for the provision of recreational services.[1]
This conclusion follows from the fact that cities of the first class are given broad authority in connection with their "municipal affairs." See A.C.A. § 14-43-601 and -602. And the legislature has specifically authorized cities to maintain recreational facilities and operate public recreation programs. A.C.A. § 14-54-1301. See also generally A.C.A. § 14-269-101et seq. (regarding parks and recreational facilities). It thus seems clear that a public recreational program generally falls within municipal affairs as to which a city may "exercise full legislative power" or "perform any function." See A.C.A. §14-43-602. Because cities may clearly contract for municipal purposes (A.C.A. § 14-54-101), it may reasonably be concluded that a city has the general authority to contract for the operation of a recreational program.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Any agreement in this regard would have to be viewed with an eye toward Article 12, § 5 of the Arkansas Constitution, which states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
A contract for the operation of a municipal recreational program would not necessarily implicate art. 12, § 5. The argument, for a challenge, would probably be premised upon the assertion that the contract lacks good and sufficient consideration and therefore evidences an attempt to accomplish indirectly what is prohibited under art. 12, § 5. This would, of course, involve a factual question.